## Dixon's Estate.

*Guardian and ward—Filing account—Orphans' Court—Register's office—Bond—Discharge.*

1. It is improper practice for a guardian of a minor to file an account in the Orphans' Court, and not in the office of the Register of Wills, where it may come in due course before the court for audit.

2. It is not good practice to discharge a guardian who has been duly appointed, simply because he desires to be relieved of the responsibilities of his office.

3. If the bond of a guardian is not sufficient in amount to protect the estate, a rule should be issued requiring the guardian to file additional security, and if he fails to do so, his discharge will follow as a matter of course.

Petition for discharge of guardian. O. C. Schuylkill Co.

WILHELM, P. J., Jan. 31, 1927.—This is the petition of George W. Yeager, guardian of Albert G. Dixon, a minor, nine years of age, for his discharge as guardian of said minor.

The petition states that there is attached thereto a just and true account of the guardian's administration of the estate of his ward. There is attached to the petition an account, which is designated "The first and final account of George W. Yeager, Guardian of Albert G. Dixon."

There appears to be no authority for the filing of an account of a minor with the Orphans' Court. The proper place to file an account is in the register's office, and in due course it comes before the court for audit. No reason has been given in this case for deviating from that well established practice, and no law has been pointed out which authorizes the filing of the account of a guardian with the court.

Dixon's Estate.

This proceeding appears to be an attempted short-cut to accomplish a purpose, but its weakness lies in the fact that the well known rules of practice do not permit it. It is not good practice to discharge a guardian who has been duly appointed simply because he desires to be relieved of the responsibilities of his office, and securing the discharge of a guardian may not be accomplished in the simple manner here proposed, and, as stated in this petition, because the guardian is unable to invest the funds of his minor in trust securities.

If it is true, as suggested in the petition, that the bond of the guardian is not sufficient in amount to properly safeguard the interests of the minor, a rule may be issued upon petition requiring him to file additional security, and if he fails, upon order, to file additional security, his discharge would follow as a matter of course, and upon his discharge a new guardian should be appointed, and in this manner the interests of the ward would be safeguarded and the rules of practice not violated.

The petition is dismissed, at the costs of the petitioner.

From M. M. Burke, Shenandoah, Pa.